JOSEPH et al., Appellants,

v.

WYSS et al., Appellees.

[Cite as *Joseph v. Wyss* (1991), 72 Ohio App.3d 199.]

Court of Appeals of Ohio,
Hardin County.

No. 6–89–10.

Decided Jan. 17, 1991.

John M. Tudor, for appellants.

Crabbe, Brown, Jones, Potts & Schmidt, William T. McCracken, John C. Albert and Joseph J. Chillinsky, for appellee Ronald D. Wyss.

Frank B. Cory, for appellees Mike and Judy Rose.

MILLER, Judge.

This is an appeal by plaintiffs-appellants from a judgment of the Court of Common Pleas of Hardin County.

Plaintiffs-appellants, Robert L. Joseph et al., brought their action asserting that defendant-appellee, Ronald D. Wyss, had constructed a force pump and pipeline system across his land and the lands of defendants-appellees, Mike Rose and Judy Rose, to carry water from Wyss' 75.5 acre tract to the Price Ditch, which ditch drains the lands of plaintiffs-appellants, but does not naturally drain the lands of Wyss, and that this extra and additional amount of water thereby placed in the Price Ditch kept the water in that ditch at a high and flooded condition for an unnaturally long period of time, backing water up on the fields of plaintiffs, drowning out their crops, blowing out tile and water control devices established by plaintiffs on their fields and deteriorating the fertility of the soil of plaintiffs.

Plaintiffs sought damages from defendants, as well as injunctive relief preventing defendants from maintaining the pump and pipeline system and to remove the same.

Defendants basically denied the allegations of the complaint with defendant Wyss also setting forth several affirmative defenses.

The issues of causation and existence of damages were tried to a jury and the issue of injunctive relief to the court simultaneously.

The jury returned a verdict for defendants on the damage issues upon which the trial court rendered judgment and the trial court denied injunctive relief.

The record before this court consists of the transcript of docket and journal entries, original papers and a partial transcript of proceedings containing proceedings out of the presence of the jury regarding requests for instructions, the trial court's instructions to the jury and proceedings out of the presence of the jury concerning special interrogatories to the jury.

Plaintiffs-appellants set forth five assignments of error in their appeal.

■ Assignments of error numbers one, two and four are argued together and are as follows:

## "ASSIGNMENT OF ERROR NO. 1

"The court erred in refusing to include in its charge to the jury instructions that the jury could consider whether or not Plaintiffs' lands were servient to Defendant's; that the jury may consider, in determining the 'reasonableness' of Defendant Wyss's action, whether or not Wyss's surface water would

naturally flow through the Price Ditch on its way to its natural outlet; that Defendants may 'reasonably' divert the natural flow of surface water only if, in casting water upon Plaintiffs land, Defendants change the previously existing drainage pattern for the purpose of putting their lands to a higher and better use than previously put or a higher and better use than that to which Plaintiffs are putting their land; and that the burden of proof of reasonableness is upon Defendant where Defendant is diverting the flow of surface water to other than its normal course and into a different drainage area, although Plaintiffs submitted such instructions in writing on each such issues and requested that they be given."

### "ASSIGNMENT OF ERROR NO. 2

"The court erred in charging the jury:

" 'Under the law, defendant has a right to make a reasonable use of his land even though the flow of surface water is altered by his action and even though it has caused some harm to others. He may be found liable for his actions only when those actions are unreasonable in light of all the circumstances of this case.'

"[W]ithout prefacing such instruction with the limitation that the same is the law only in connection with the making of a valuable improvement on or use of the land over and above simply facilitating the drainage of it."

### "ASSIGNMENT OF ERROR NO. 4

"The court erred in its judgment, relative to the equitable issue (which was not presented to the jury), after first finding '[T]hat the discharge of water involved is unnatural. It is collected artificially then pumped in a direction it would not normally go,' that defendant has a right to pump water into Plaintiffs' ditch from another watershed so long as his doing so does not 'interfere unreasonably' (referring to the amount of damages) with the drainage of the land naturally draining through it."

All parties to this appeal rely heavily on *McGlashan v. Spade Rockledge Corp.* (1980), 62 Ohio St.2d 55, 16 O.O.3d 41, 402 N.E.2d 1196, as it applies to the trial court's charge indicating that a proper interpretation of that case should control in this appeal.

Prior to that case the courts of Ohio had followed both the "common enemy" doctrine and the "civil-law" doctrine as to diffused surface water. See *McGlashan, supra.*

The syllabus of the *McGlashan* case states as follows:

"In resolving surface water disputes, courts of this state will apply a reasonable-use rule under which a possessor of land is not unqualifiedly

privileged to deal with surface water as he pleases, nor absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, and the possessor incurs liability only when his harmful interference with the flow of surface water is unreasonable. (*Butler v. Peck*, 16 Ohio St. 334, and its progeny, overruled to extent inconsistent herein.)"

In arriving at its conclusions which resulted in the syllabus quoted above the court said at 59–60, 16 O.O.3d at 43–44, 402 N.E.2d at 1199–1200:

"The basic issue in these controversies is normally whether liability for the damage resulting from an interference with surface water flow should be borne by the person causing it. In this regard, an analysis centering on the reasonableness of a defendant's conduct, in view of all the circumstances, is more likely to produce an equitable result than one based on arbitrary property concepts. It is true that the law should not inhibit reasonable land development, but neither should it allow a landowner to expel surface water without regard to the consequences. * * *

"A reasonableness analysis appears in 4 Restatement on Torts 2d 146, Section 833, which provides that '[a]n invasion of one's interest in the use and enjoyment of land resulting from another's interference with the flow of surface water may constitute a nuisance under the rules stated in §§ 821A– 831.' These latter rules basically determine the reasonableness of the invasion by balancing the gravity of the harm caused by the interference against the utility of the interferor's conduct.

"Since we believe such an analysis is more likely to provide both flexibility and certainty than any of the property-based doctrines, this court therefore adopts a reasonable-use rule, to be used in resolving surface water controversies * * * ."

The rule is then stated as carried into the syllabus.

The court in recognizing the difficulty that courts have experienced in applying the "common enemy" and the "civil-law" doctrines as they relate to surface water found that there "has been a trend toward adoption of a *reasonable-use* approach based on tort liability rather than property rights." (Emphasis *sic*.) *Id.* at 58, 16 O.O.3d at 43, 402 N.E.2d at 1199.

■ It thus is obvious that the so-called property-based doctrines dealing with the diffusion of surface water have been abolished and the reasonable use doctrine adopted in their place in Ohio. Nothing in the *McGlashan* syllabus setting forth the reasonable use rule restricts the rule's application to upper and lower, *i.e.*, dominant and servient, properties, or to the same

watershed, but states the rule as being applicable to resolving surface water disputes.

■ Similarly the rule applies to a reasonable use of land and not to an improvement of the land.

Without setting forth the trial court's charge in its entirety as it relates to reasonable use by defendant Wyss of his land and resulting harm to plaintiffs, we have examined the charge and conclude that it sets forth the applicable law as contained in *McGlashan, supra.*

We find assignments of error one, two and four not to be well taken and overrule the same.

## "ASSIGNMENT OF ERROR NO. 3

"The court erred in instructing that 'in this case, the plaintiff has the burden of proving that defendant's act of conveying water into the Price Ditch was unreasonable.   * * * ' "

■ The question of the reasonableness of the use in a given case must be determined as a question of fact under all the attendant circumstances. *McGlashan, supra,* at 58, 16 O.O.3d at 43, 402 N.E.2d at 1199.

The established rule is that the burden of proof is upon the party who asserts the affirmative of an issue as determined by the pleadings, or by the nature of the case.   See 42 Ohio Jurisprudence 3d (1983), Evidence and Witnesses, Section 99 *et seq.*

We conclude that the trial court properly charged that the burden of proof was on plaintiffs-appellants to prove that the acts of defendants-appellees were unreasonable.

The third assignment of error is overruled.

## "ASSIGNMENT OF ERROR NO. 5

"The court erred in its findings on the equitable issue by accepting the Jury's verdict that the Plaintiffs below suffered no damages;  failing to make its own independent determination of that fact."

■ Although the jury issues triable to the jury and the injunctive issues triable to the court were heard simultaneously, the trial court states in its judgment that "[t]he plaintiffs having failed to show by clear and convincing evidence that they, or any one of them, have been particularly damaged by his [defendant Wyss'] action or that the remedy at law is inadequate in the event they are so damaged, the injunction requested against defendants Wyss and Rose is denied."

The jury issues required only a preponderance of the evidence while the injunctive issues required clear and convincing evidence.

While the trial court did comment that the jury found that defendant Wyss caused no damage to plaintiffs, this fails to establish that the trial court accepted the jury's verdict on damages without making its own independent determination thereon, particularly when it applies the proper burden as to the injunctive relief sought.

Finding no error prejudicial to plaintiffs-appellants as assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.